UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:10-CR-24 |
| | ) | |
| RAYMOND D. ARWOOD | ) | |

**O R D E R**

Defendant is charged with being a convicted felon in possession of a firearm. He has filed a motion *in limine* to exclude any evidence of his prior arrest and conviction. (Doc. 14).

Defendant was convicted of sexual battery. He was released from confinement in June 1999. Assuming that defendant stipulates that he has a prior felony conviction, the prosecution may not introduce any evidence of his prior conviction solely to prove his status as a convicted felon. *See, Old Chief v. United States*, 519 U.S. 172 (1997).

If defendant testifies in this case, F.R.E. 609 will become potentially applicable. Under that rule, the United States is obliged to convince the district judge of the probative value of that evidence of that conviction substantially outweighs its prejudicial effect. If the United States intends to use evidence of this conviction for purposes of impeachment, it is obliged to give the defendant advance written notice of that intent, F.R.E. 609(b).

Accordingly, in light of the defendant's stated willingness to stipulate that he has a prior felony conviction, no evidence of that conviction may be introduced by the United States to prove defendant's status as a convicted felon.

If the United States proposes to use his prior conviction for purposes of impeachment in the event defendant testifies, the United States shall give immediate written notice of that intent.

SO ORDERED:

s/ Dennis H. Inman  
United States Magistrate Judge